IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES WILLIAM HOOPER,

            Plaintiff,

   v.

LT. GARY PEDERSON, DEPUTY SAUNBURG,
DEPUTY FAVE, DEPUTY TOLE
and DEPUTY COOK,

            Defendants.

ORDER

11-cv-513-slc

---

Plaintiff Charles Hooper, an inmate at the Sauk County Jail in Mauston, Wisconsin, has submitted a proposed complaint. He requests leave to proceed *in forma pauperis*. A decision on the request will be delayed until plaintiff submits an inmate account statement for the six-month period immediately preceding the filing of the complaint as required by 28 U.S.C. § 1915(a)(2) and the 1996 Prison Litigation Reform Act.

Plaintiff submitted his complaint July 17, 2011, so his trust fund account statement should cover the six-month period beginning approximately January 17, 2011 and ending approximately July 17, 2011. I am aware from another lawsuit that plaintiff recently was detained at the Juneau County Jail. Under 28 U.S.C. § 1915(a)(2), when a prisoner is housed at more than one institution during the six-month period immediately preceding the filing of his lawsuit, he must obtain a trust fund account statement "from the appropriate official of each prison at which [he] is or was confined" during the relevant period. Therefore, if plaintiff wants to continue with this lawsuit, then he will have to write to the Juneau County Jail and any other institution in which he may have been detained between January 17, 2011 and July 17, 2011, to request a certified copy of his trust fund account statement for the appropriate period.

Once plaintiff has submitted the necessary statements, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under § 1915(e)(2). Plaintiff should show a copy of this order to jail officials to insure that they are aware they should send a copy of plaintiff's six-month inmate account statement to this court.

ORDER

IT IS ORDERED that plaintiff Charles Hooper may have until August 9, 2011, in which to submit a copy of his inmate account statements for the period beginning approximately January 17th, 2011 and ending approximately July 17, 2011. If, by August 9, 2011, plaintiff fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff's filing his case at a later date.

Entered this 19th day of July 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge